UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CLIFFORD T. BOONE,  )
                    )
        Petitioner, )
                    )
    v.              )   No. 4:05-CV-1236-TCM
                    )
ALAN BLAKE,         )
                    )
        Respondent. )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Clifford T. Boone for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner, a civilly committed resident of the Missouri Sexual Offender Treatment Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims, as follows:

> [T]he creation of a required MOSOP program for convicted sex offenders establishes a secular humanist religion based on psychiatry or psychology that is hostile to theistic religious beliefs, and using [petitioner's] election not to participate in MOSOP on religious grounds to target [him] for SVP commitment and to involuntarily confine him was a substantial burden on his right to free exercise of his religious beliefs.

The Court will liberally construe petitioner's claim as alleging that he was singled out for prosecution and commitment as a Missouri sexually violent predator ("SVP") because, in the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

exercise of his religious beliefs, he chose not to participate in the Missouri Sexual Offenders Program ("MOSOP").

The requirements of a selective prosecution claim draw on "ordinary equal protection standards." Wayte v. United States, 470 U.S. 598, 608 (1985). To state a selective prosecution claim, a litigant must demonstrate that a prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." Id. In the instant action, petitioner does not allege that inmates who refused to participate in MOSOP on non-religious grounds were not subsequently prosecuted for SVP commitment. Cf. United States v. Armstrong, 517 U.S. 456, 465 (1996)(to establish discriminatory effect in race case, litigant must show similarly situated individuals of different race were not prosecuted). As such, petitioner's allegations do not state a claim for a constitutional violation under § 2254.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this 26th day of September, 2005

        /s/ Jean C. Hamilton
        **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com